IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

ALOYSIUS THADDEUS HENRY, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:20-CV-830-WKW 
 ) [WO] 
JEFFERSON S. DUNN, et al., ) 
 ) 
 Defendants. ) 

 ORDER 

Before the court is Plaintiff’s pro se motion for a temporary restraining order 
(“TRO”). (Doc. # 4.) The motion is due to be denied. 
In this lawsuit, docketed on October 13, 2020, Plaintiff, an inmate at Elmore 
Correctional Facility, sues eleven individuals and entities, making myriad 
constitutional complaints about his treatment in prison and the conditions of his 
confinement. (Doc. # 2.) Presently, Plaintiff has filed a motion for a TRO on a piece 
of toilet paper, asserting that on unspecified dates, he has been the victim of inmate-
on-inmate assaults. He also complains about the conditions of his confinement, 
including “sleeping in a room with 4 beds with rust, no running water, no tolet [sic], 
no sink or shower.” (Doc. # 4, at 2–3.) He further contends that he is “under a 
constant threat[] of write-ups” in retaliation for his having filed a lawsuit. (Doc. # 4, 
at 2.) He asserts that he “need[s] a (TRO)” and “an injunction” to rectify these 
matters. (Doc. # 4, at 3.) 
A temporary restraining order may be issued without notice only if 
(A) specific facts in an affidavit or a verified complaint clearly show 
 that immediate and irreparable injury, loss, or damage will result to 
 the movant before the adverse party can be heard in opposition; and 

(B) the movant’s attorney certifies in writing any efforts made to give 
 notice and the reasons why it should not be required. 

Fed. R. Civ. P. 65(b)(1)(A)–(B). Additionally, the elements that apply to a motion 
for preliminary injunction also govern the issuance of a TRO. See Parker v. State 
Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). These four 
elements are “(1) a substantial likelihood of success on the merits, (2) a threat of 
irreparable injury, (3) that [the movant’s] own injury would outweigh the injury to 
the nonmovant, and (4) that the injunction would not disserve the public interest.” 
Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir. 1999). The movant bears the burden 
of establishing entitlement to a temporary restraining order. See Parker, 275 F.3d 
at 1034. 
To the extent that Plaintiff seeks an ex parte TRO, he fails to satisfy the 
requirements of Rule 65(b). First, the allegations are not sworn or verified. See Fed. 

R. Civ. P. 65(b)(1)(A). Second, they are largely conclusory. Overall, the record is 
bereft of “specific facts” that rise to the level of “immediate and irreparable injury.” 
Id. Third, there is no written certification of Plaintiff’s efforts to provide notice to 
the offending individuals. Fed. R. Civ. P. 65(b)(1)(B); see also Granny Goose 

Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda 
Cty., 415 U.S. 423, 438–39 (1974) (“The stringent restrictions imposed . . . by Rule 
65, on the availability of ex parte temporary restraining orders reflect the fact that 
our entire jurisprudence runs counter to the notion of court action taken before 
reasonable notice and an opportunity to be heard has been granted both sides of a 

dispute.” (internal footnote omitted)). In addition to these procedural shortcomings, 
Plaintiff has not demonstrated a substantial likelihood of success on the merits. See 
Tefel, 180 F.3d at 1295. 

Based on the foregoing, it is ORDERED that Plaintiff’s pro se motion for a 
TRO (Doc. # 4) is DENIED. 
Plaintiff is further DIRECTED not to submit filings on toilet paper. 
DONE this 4th day of November, 2020. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE